IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

MISAEL ALEXANDER BERNAL
2361 Southgate Square
Reston, Virginia 20191

  Plaintiff,

v.

FIVE STAR SEPTIC, INC.
P.O. Box 2785
Reston, Virginia 20195

  Serve: Resident Agent
     Susan M. Pesner
     7926 Jones Branch Drive
     Suite 930
     McLean, Virginia 22102

AARON GOINS
15750 Trongate Court
Leesburg, Virginia 20176

  Defendants.

Civil Action No.

1:15CV101 CMH/TCB

## COMPLAINT

Plaintiff, Misael Alexander Bernal ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants Five Star Septic, Inc. and Aaron Goins (collectively "Defendants"), for a breach of contract action as well as under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

### INTRODUCTION

Plaintiff worked for Defendants as a laborer. At all times Plaintiff was paid a daily rate for all hours worked. He worked on average sixty-two and a half hours per week and was not paid at the overtime rate of one and a half times his regular hourly wage as required by federal

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

law. Defendant also agreed to pay Plaintiff at a higher rate for emergency calls but failed to pay for certain such calls. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant Five Star Septic, Inc. ("Five Star Septic") is a Virginia Corporation.

5. Defendant Aaron Goins is the owner of Five Star Septic.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Aaron Goins controlled the day to day operations of Five Star Septic.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

11. Defendant Aaron Goins had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Aaron Goins supervised Plaintiff directly or indirectly.

13. Defendant Aaron Goins directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Aaron Goins directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16. Defendant Aaron Goins would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a laborer from October 10, 2011 through October 10, 2014 (the "Employment Period").

18. Plaintiff and Defendants had an agreement that Plaintiff would be paid $495.00 for emergency calls.

19. Plaintiff was paid at various daily rates. From October 10, 2011 through December 31, 2012 he was paid at a daily rate of $170.00; from January 1, 2013 through December 28, 2013 he was paid at a daily rate of $180.00; from December 29, 2013 through March 29, 2014 he was paid at a daily rate of $190.00; and from March 30, 2014 through October 10, 2014 he was paid at a daily rate of $195.00.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

20. He worked an average of sixty-two and a half hours per week from October 10, 2011 through December 28, 2013; he worked an average of fifty-seven and a half hours per week from December 29, 2013 through August 2, 2014; and he worked an average of sixty-seven and a half hours per week from August 3, 2014 through October 10, 2014 and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours per week.

21. Plaintiff is also owed for two emergency calls on August 9, 2014 as well as his daily rate for August 16, 2014.

22. Plaintiff is owed approximately $24,752.11 in overtime wages and $1,185.00 in straight time wages.

23. Plaintiff is owed straight time and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

24. Federal law requires that "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." *See* 29 C.F.R. § 516.4.

25. Defendants failed to post the required statutory FLSA notice.

26. By statute, Defendants are required to maintain records which document the wages, hours and other conditions of employment. 29 U.S.C. §211.

27. The precise number of hours worked and wages owed should be revealed through discovery.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

28. Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

## COUNT I
### (Breach of Contract)

29. Plaintiff adopts herein by reference paragraphs 1 through 28 above as if fully set forth herein.

30. Plaintiff and Defendants had an agreement that Plaintiff would be paid $495.00 for emergency calls.

31. On August 9, 2014, Plaintiff responded to two emergency calls and was not compensated for those calls.

32. Defendants also failed to pay Plaintiff for the work he performed on August 16, 2014 at his regular daily rate.

33. Defendants have breached their agreement with Plaintiff and owe him compensation for those days.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $1,185.00, which is the amount owed; and to grant to Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
### (FLSA)

34. Plaintiff adopts herein by reference paragraphs 1 through 28 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

3881045_1

35. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

36. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

37. Defendants' actions complained of herein constitute a willful violation of Sections 207 of the FLSA.

38. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $49,504.22 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____
Mary Craine Lombardo (VSB No. 77768)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 - fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

3881045_1